# ORIGINAL

1  LAURA E. DUFFY
   United States Attorney
2  EMILY J. KEIFER
   Assistant U.S. Attorney
3  California State Bar No. 271107
   United States Attorney's Office
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone: (619) 557-7465

6  Attorneys for Plaintiff
   United States of America

FILED

DEC 0 7 2011

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

7

8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11  UNITED STATES OF AMERICA,     )   Case No. 11CR4767-GT
                                  )
12                Plaintiff,      )
                                  )
13         v.                     )   PLEA AGREEMENT
                                  )   (Fast Track)
14  CARLOS BRAVO-AVENDANDO,       )
                                  )
15                Defendant.      )
    _____)

16

17        IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF

18  AMERICA, through its counsel, Laura E. Duffy, United States Attorney,

19  and Emily J. Keifer, Assistant United States Attorney, and defendant,

20  CARLOS BRAVO-AVENDANDO, with the advice and consent of RoseMarie

21  Maliekel, counsel for defendant, as follows:

22  //

23  //

24  //

25  //

26  //

27  //

28  EJK:tld 6/2/11

Def. Initials C.B.A
11CR 4767-GT

# I

## THE PLEA

A.  _The Charge_. Defendant agrees to waive Indictment and plead guilty to a single-count Information charging that:

> On or about October 2, 2011, within the Southern District of California, defendant CARLOS BRAVO-AVENDANDO, an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission to the United States; in violation of Title 8, United States Code, Section 1326(a) and (b).

> It is further alleged that defendant was removed from the United States subsequent to March 29, 2006.

B.  _Early Disposition (Fast-Track) Program_.  The disposition contemplated by this plea agreement is pursuant to an early disposition (Fast-Track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California.

## II

## NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1.  Defendant is an alien and not a citizen of the United States;

2.  Defendant was excluded, deported, or removed from the United States; and

3.  Defendant thereafter was subsequently found in the United States after knowingly and voluntarily reentering and remaining in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, having expressly consented to

Def. Initials _E. B.-A_
11CR _4767 -GT_

2

defendant's reapplication for admission to the United States.

B.   ELEMENTS UNDERSTOOD AND ADMITTED – FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1.   Defendant is an alien and not a citizen of the United States;

2.   On or about June 22, 2004, defendant suffered a felony conviction for Bank Fraud, in violation of 18 United States Code § 1344, in the United States District Court, Northern District Of Illinois;

3.   Defendant subsequently was lawfully excluded, deported and removed from the United States to Mexico on December 12, 2007; and,

4.   As alleged in the Information, on October 2, 2011, defendant thereafter was subsequently found in the United States within the Southern District of California after knowingly and voluntarily reentering and remaining in the United States, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, having expressly consented to defendant's reapplication for admission to the United States.

### III

### PENALTIES

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

A.   A maximum 20 years in prison;

B.   A maximum $250,000.00 fine;

C.   A mandatory special assessment of $100.00 per count; and

D.   A term of supervised release of no more than 3 years. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to

Def. Initials _C.B.A_
11CR 4767-GT

3

serve in prison all or part of the term of supervised release.

## IV

## DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

A.  Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

B.  A speedy and public trial by jury;

C.  The assistance of counsel at all stages of trial;

D.  Confront and cross-examine adverse witnesses;

E.  Present evidence and to have witnesses testify on behalf of defendant; and,

F.  Not testify or have any adverse inferences drawn from the failure to testify.

## V

## DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The Government represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant.

Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty defendant will not be provided this information, if any, and defendant also waives the right to this information. Finally, defendant agrees

Def. Initials C.R.A
11CR 4767 - GT

4

1  not to attempt to withdraw the guilty plea or to file a collateral

2  attack based on the existence of this information.

3                                    VI

4                  **DEFENDANT'S REPRESENTATION THAT**
                   **GUILTY PLEA IS KNOWING AND VOLUNTARY**
5

   Defendant represents that:
6

7  A.   Defendant has had a full opportunity to discuss all the
        facts and circumstances of this case with defense counsel
        and has a clear understanding of the charges and the
8       consequences of this plea. Defendant further understands
        that the conviction in this case may subject defendant to
9       various collateral consequences, including but not limited
        to deportation, removal or other adverse immigration
10      consequences; revocation of probation, parole, or
        supervised release in another case; none of which will
11      serve as grounds to withdraw defendant's guilty plea;

12 B.   No one has made any promises or offered any rewards in
        return for this guilty plea, other than those contained in
13      this agreement or otherwise disclosed to the Court;

14 C.   No one has threatened defendant or defendant's family to
        induce this guilty plea; and
15

16 D.   Defendant is pleading guilty because in truth and in fact
        defendant is guilty and for no other reason.

17                                   VII

18                       **AGREEMENT LIMITED TO**
   **U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA**
19

20     This plea agreement is limited to the United States Attorney's

21 Office for the Southern District of California, and cannot bind any

22 other federal, state or local prosecuting, administrative, or

23 regulatory authorities, although the Government will bring this plea

24 agreement to the attention of other authorities if requested by the

25 defendant.

26 //

27 //

28 //

                                   Def. Initials _C.B.A_
                                   11CR _4769-GT_

                                     5

# VIII

## APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines ("Guidelines") and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Defendant understands further that the sentence cannot be determined until a presentence report has been prepared by the U.S. Probation Office and defense counsel and the Government have had an opportunity to review and challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

# IX

## SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is **not binding on the Court**. Likewise, the recommendation made by the Government is not binding on

Def. Initials _C. B. A_
11CR _4767- GT_

6

the Court, and it is uncertain at this time what defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, defendant nevertheless has no right to withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A.  SENTENCING GUIDELINE CALCULATIONS

Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures:

| | | |
|---|---|---|
| 1. | Base Offense Level [USSG §2L1.2] | 8 |
| 2. | Prior Conviction [USSG § 2L1.2(b)(1)(A)(B)(C)(D)(E)][1] | +8 |
| 3. | Acceptance of Responsibility [USSG § 3E1.1] | -3 or -2 |
| 4. | Departure for Fast-Track [USSG § 5K3.1] | -2[2] |

B.  ACCEPTANCE OF RESPONSIBILITY

Notwithstanding paragraph A.3 above, the Government will <u>not</u> recommend any adjustment for <u>Acceptance of Responsibility</u> if

---

[1]     The parties agree that if, before defendant is sentenced, contrary or additional information is discovered concerning defendant's criminal history which changes defendant's applicable SOC, then the Government may recommend a sentence based upon any such changes.

[2]     The Government reserves the right to reduce its recommended departure if defendant does not proceed to sentencing on the first date set by the Court, unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

Def. Initials _S.B-A_
11CR _4767-GT_

defendant:

    1.   Fails to admit a complete factual basis for the plea at the time it is entered; or

    2.   Denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the Court or probation officer; or

    3.   Fails to appear in court; or

    4.   Engages in additional criminal conduct; or

    5.   Attempts to withdraw the plea; or

    6.   Refuses to abide by any lawful court order.

C.   ADJUSTMENTS; DEPARTURES; AND SENTENCE REDUCTIONS UNDER 18 U.S.C. § 3553

The parties agree defendant may recommend additional upward or downward adjustments or departures, including any criminal history departures under USSG § 4A1.3, or other sentence reductions under 18 U.S.C. § 3553.

D.   <u>NO AGREEMENT AS TO CRIMINAL HISTORY CATEGORY</u>

The parties have **no** agreement as to defendant's Criminal History Category.

E.   <u>"FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION</u>

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

F.   <u>PARTIES' RECOMMENDATIONS REGARDING CUSTODY</u>

The government will recommend that defendant be sentenced to the high end of the advisory guideline range as calculated by the parties at the time of sentencing, pursuant to this agreement.

G.   <u>SPECIAL ASSESSMENT</u>

The parties will jointly recommend that defendant pay a special

1 assessment in the amount of $100.00 per felony count of conviction,
2 to be paid forthwith at time of sentencing. The special assessments
3 shall be paid through the office of the Clerk of the District Court
4 by bank or cashier's check or money order made payable to the "Clerk,
5 United States District Court."

6       H.   <u>STIPULATION TO REMOVAL</u>

7     If defendant is not a United States citizen or national, either
8 before or immediately following sentencing, defendant agrees to an
9 order of removal from the United States entered by Executive Office
10 for Immigration Review or authorized Department of Homeland Security
11 official. Defendant understands that defendant will not be removed
12 until defendant has served any criminal sentence imposed in this or
13 any other case. Defendant further waives any right to appeal, reopen
14 or challenge the removal order, in this or any subsequent case,
15 administrative, civil or criminal.

16               **XI**

17      **DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK**

18     In exchange for the Government's concessions in this plea
19 agreement, defendant waives, to the full extent of the law, any right
20 to appeal or to collaterally attack the conviction and sentence,
21 except a post-conviction collateral attack based on a claim of
22 ineffective assistance of counsel, unless the Court imposes a
23 custodial sentence above the high end of the guideline range
24 recommended by the Government pursuant to this agreement at the time
25 of sentencing. If the custodial sentence is greater than the high end
26 of that range, defendant may appeal, but the Government will be free
27 to support on appeal the sentence actually imposed. If defendant
28 believes the Government's recommendation is not in accord with this

Def. Initials *C.B.A*
11CR 47674-GT

9

plea agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

If defendant breaches this plea agreement, at any time, in any way, including but not limited to appealing or collaterally attacking the conviction or sentence, the Government may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the Government may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

### XII

**CRIMES AFTER ARREST OR BREACH OF THE
AGREEMENT WILL PERMIT THE GOVERNMENT TO
RECOMMEND A HIGHER SENTENCE OR SET ASIDE THE PLEA**

This plea agreement is based on the understanding that, prior to defendant's sentencing in this case, defendant has not committed or been arrested for any offense not known to the Government prior to defendant's sentencing. This plea agreement is further based on the understanding that defendant has committed no criminal conduct since defendant's arrest on the present charges, and that defendant will commit no additional criminal conduct before sentencing. If defendant has engaged in or engages in additional criminal conduct during this period, or breaches any of the terms of any agreement with the Government, the Government will not be bound by the recommendations in this plea agreement, and may recommend any lawful sentence. In addition, at its option, the Government may move to set aside the plea.

//
//
//

XIII

## ENTIRE AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

XIV

## MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of this plea agreement shall be effective unless in writing signed by all parties.

XV

## DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

XVI

## DEFENDANT SATISFIED WITH COUNSEL

Defendant has consulted with counsel and is satisfied with counsel's representation.

LAURA E. DUFFY
United States Attorney

DATED 12/5/11

EMILY J. KEIFER
Assistant U.S. Attorney

DATED 12/4/11

ROSEMARIE MALIEKEL
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

DATED 12/4/11

CARLOS BRAVO-AVENDANO
Defendant

11

11CR 4767-GT